UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------X    **COMPLAINT**

S.G, grandmother and legal guardian of J.B. and        Case No.:
S.G. Individually,

                    Plaintiff,

    -against-

THE CITY OF NEW YORK & NEW YORK CITY
DEPARTMENT OF EDUCATION,

                    Defendants.

---------------------------------------------X

## PRELIMINARY STATEMENT

1. Plaintiff S.G. is the grandmother and natural guardian of J.B. as defined by IDEA, 20 U.S.C. § 1401 (23).

2. On all dates herein mentioned J.B. was a child with a disability as defined by IDEA, 20 U.S.C. § 1403(3)(A).

3. Defendant(s) classified J.B. as a child with a disability.

4. During the relevant dates referenced herein, the plaintiff has resided in Staten Island, New York.

5. The defendants, the City of New York (hereinafter "City") and the New York City Department of Education (hereinafter "DOE") are municipal entities duly existing by virtue of the law of the City and State of New York.

6. Defendant DOE is a local education agency as defined by IDEA, 20 U.S.C. § 1401 (19), and as such, is obligated to provide educational and related service programs and services to its students in compliance with the applicable federal and state statutes, regulations and the

United States Constitution and is subject to the requirements of 20 U.S.C. § 1400 *et seq.* and the regulations thereunder.

7. The within action is brought to recover attorney's fees arising out of special education due process proceedings resolved in favor of the plaintiff brought on behalf of J.B. in underlying due process proceedings.

8. Special education due process proceedings were decided in favor of plaintiff for J.B. by the order of IHO Harriet Gerwirtz ("IHO Gerwirtz") in impartial hearing case number 204170. The decision was issued on December 10, 2022, and the decision is final and binding on the parties.

9. The within action to recover attorney's fees arising out of special education due process proceedings resolved in favor of the plaintiff for J.B. in another due process action by the order of IHO Harriet Gerwirtz ("IHO Gerwirtz") in impartial hearing case number 218192. The decision was issued on September 23, 2022 and is final and binding on the parties.

10. The within action to recover attorney's fees arising out of special education due process proceedings resolved in favor of the plaintiff for J.B. in another due process action by the order of IHO Jessica Spiegel ("IHO Spiegel") in impartial hearing case number 240794. The decision was issued on June 26, 2023 and is final and binding on the parties.

11. The within action is brought to recover attorney's fees arising out of special education due process proceedings resolved in favor of the plaintiff on behalf of J.B. in another due process action by the order of IHO Susan Barbour ("IHO Barbour") in impartial hearing case number 263273. The decision was issued on September 9, 2024.

12. Plaintiff prevailed in the impartial hearing proceedings in case numbers 204170, 218192, 240794, and 263273.

13. The plaintiff is a prevailing party in the above-mentioned due process proceedings

and to date, legal fees have not been settled to date by defendants.

14. As the proceedings decided under case number 204170, the defendants have not appealed the hearing order and it is final and binding upon them.

15. As the proceedings decided under case number 218192, the defendants have not appealed the hearing order and it is final and binding upon them.

16. As to the proceedings decided under case number 240794, the defendants have not appealed the hearing order and it is final and binding upon them.

17. As to the proceedings decided under case number 263273, the defendants have not appealed the hearing order and it is final and binding upon them.

18. The within action is brought within the statute of limitations and is timely.

## JURISDICTION AND VENUE

19.  Jurisdiction is conferred upon this Court by the Individuals with Disabilities in Education Act (IDEA) at 20 U.S.C. §1400 et. seq., and more specifically 20 U.S.C. 1415(i)(2)(A) and 1415 (i)(3)(B).

20. Pursuant to 20 U.S.C. §1391(b) venue is proper in the Unites States District Court of New York, Eastern District.

## STATEMENT OF FACTS

21. A 10-day notice of unilateral placement was served timely on the defendants Committee on Special Education ("CSE") for the 2020-2021 school year on or about August 26, 2020. In the 10-day notice, the CSE was notified of the reasons for S.G's intent to place J.B. in a nonpublic school for the 2020-20212 school year. S.G. contended that that defendant(s) denied J.B. FAPE.

22. Plaintiff brought the due process proceeding under case number 204170 due to the inadequacy of J.B.'s IEP and defendant(s) procedural and substantive violations leading up to

3

the 2020-2021 school year. The due process hearing request dated November 13, 2020 was submitted to the DOE and assigned case number 204170.

23. Hearings were held on thirteen separate dates between November 23, 2021 and November 21, 2022. After holding the hearing, IHO Gerwirtz determined in her order that J.B.'s unilateral placement was appropriate and should be funded by the DOE given its denial of FAPE to him in the complained of school year. The DOE was also ordered to reimburse S.G. for tuition paid for J.B. for the 2020-2021 school year. Following IHO Gerwirtz's order, the defendant(s) did not appeal it.

24. A 10-day notice of unilateral placement was sent to the defendants' CSE 9 Office on or about August 27, 2021. In the 10-day notice, the CSE was advised of the reasons S.G. unilaterally placed J.B.. in a nonpublic school for the 2021-2022 school year. The defendants did not respond to the plaintiff's 10-day notice.

25. Although an IEP was developed recommending an inappropriate special education plan among other recommendations, the DOE failed to offer a seat in a special education program prior to the 2021-2022 school year. S.G. challenged the IEP as defective as a whole and did not offer FAPE to J.B. for the 2021-2022 school year.

26. On September 27, 2021, an impartial hearing complaint was filed alleging that defendants failed to provide FAPE to J.B in the 2021-2022 school year. This case proceeded before IHO Gerwirtz under case number 218192 over two hearing dates on June 2 and June 29, 2022.

27. After holding the hearing, IHO Gerwirtz determined in her order that J.B.'s unilateral placement was appropriate and should be funded by the DOE given its denial of FAPE to him in the complained of school year. The DOE was also ordered to reimburse S.G. for tuition paid for J.B. for the 2021-2022 school year. Following IHO Gerwirtz's order, the defendant(s) did not

appeal it.

28. A 10-day notice of unilateral placement was sent to the defendants' CSE 9 Office on or about August 24, 2022.  In the 10-day notice, the CSE was advised of the reasons S.G. unilaterally placed J.B. in a nonpublic school for the 2022-2023 school year.  The defendants did not respond to the plaintiff's 10-day notice.

29. On October 6, 2022, a due process complaint was filed alleging that defendants failed to provide FAPE to J.B in the 2022-2023 school year.  This case proceeded before IHO Spiegel under case number 240394 on June 8, 2023.

30. After holding the hearing, IHO Spiegel determined in her order that J.B.'s unilateral placement was appropriate and should be funded by the DOE given its denial of FAPE to him in the complained of 2022-2023 school year. The DOE was also ordered to reimburse S.G. for tuition paid for J.B. for the 2022-2023 school year. Following IHO Spiegel's order, the defendant(s) did not appeal it.

31. A 10-day notice of unilateral placement was sent to the defendants' CSE 9 Office on or about August 23, 2023.  In the 10-day notice, the CSE was advised of the reasons S.G. unilaterally placed J.B.. in a nonpublic school for the 2023-2024 school year.  The defendants did not respond to the plaintiff's 10-day notice.

32. On September 25, 2023, a due process complaint was filed alleging that defendants failed to provide FAPE to J.B in the 2023-2024 school year. On November 14, 2023, an amended due process hearing complaint was filed. This case proceeded before IHO Barbour under case number 263273 on September 9, 2024.

33. After holding the hearing over thirteen dates between November 9, 2023 and July 24, 2024, IHO Barbour determined in her order that J.B.'s unilateral placement was appropriate and should be funded by the DOE given its denial of FAPE to him in the complained of 2023-20243

5

school year. The DOE was also ordered to reimburse S.G. for tuition paid for J.B. for the 2023-2024 school year. Following IHO Barbour's order, the defendant(s) did not appeal it.

34. The plaintiff has exhausted all necessary administrative remedies prior to bringing this action for attorneys fees in each of the above-mentioned due process proceedings.

35. The plaintiff is a prevailing party in all the underlying due process proceedings pursuant to 20 U.S.C. §1415(i)(3)(B). Plaintiff obtained favorable results in each of the underlying due process proceedings that were not occasioned by the defendant City's or DOE's voluntary change of conduct, but rather, was based on the determinations made in the impartial hearing decision by the IHOs .

36. As plaintiff is a prevailing party in the underlying due process proceedings which are the subject of the instant litigation, legal fees should be awarded.

## AS AND FOR A FIRST CAUSE OF ACTION: ATTORNEYS FEES IN 204170

37. Plaintiff reasserts and realleges the allegations contained in paragraphs one ("1") through thirty-six ("36") as if fully set forth herein.

38. As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 204170.

39. The relief sought and ultimately obtained in the hearing under case number 204170 were substantial for Plaintiff.

40. As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 204170.

41. The relief sought and ultimately obtained in the hearing under case number 204170 was substantial for Plaintiff.

42. The attorney rate of Erika L. Hartley, Esq. in the amount of $400.00 per hour is reasonable.

6

43. Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 204170 and this action.

44. Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 204170 and this action.

### AS AND FOR A SECOND CAUSE OF ACTION: ATTORNEYS FEES IN 218192

45. Plaintiff reasserts and realleges the allegations contained in paragraphs one ("1") through forty-four ("44") as if fully set forth herein.

46. As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 218192.

47. The relief sought and ultimately obtained in the hearing under case number 239458were substantial for Plaintiff.

48. As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 218192.

49. The relief sought and ultimately obtained in the hearing under case number 218192 was substantial for Plaintiff.

50. The attorney rate of Erika L. Hartley, Esq. in the amount of $400.00 per hour is reasonable.

51. Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 218192 and this action.

### AS AND FOR A THIRD CAUSE OF ACTION: ATTORNEYS FEES IN 240794

52. Plaintiff reasserts and realleges the allegations contained in paragraphs one ('1") through fifty-one ("51") as if fully set forth herein.

53. As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 240794.

54. The relief sought and ultimately obtained in the hearing under case number 240794 were substantial for Plaintiff.

55. As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 240794.

56. The relief sought and ultimately obtained in the hearing under case number 2407946 was substantial for Plaintiff.

57. The attorney rate of Erika L. Hartley, Esq. in the amount of $400.00 per hour is reasonable.

58. Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 240794 and this action.

**AS AND FOR A FOURTH CAUSE OF ACTION: ATTORNEYS FEES IN 263273**

59. Plaintiff reasserts and realleges the allegations contained in paragraphs one ("1") through fifty-eight ("58") as if fully set forth herein.

60. As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 263273.

61. The relief sought and ultimately obtained in the hearing under case number 263273 were substantial for Plaintiff.

62. As set forth herein, Plaintiff is a prevailing party in the underlying due process proceeding under case number 263273.

63. The relief sought and ultimately obtained in the hearing under case number 263273 was substantial for Plaintiff.

64. The attorney rate of Erika L. Hartley, Esq. in the amount of $400.00 per hour is reasonable.

65. Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 263273 and this action.

## REQUESTS FOR RELIEF

66. Plaintiff requests that an Order be issued awarding attorneys fees as a prevailing party in each of the underlying due process proceedings. Plaintiff also seeks reasonable attorneys fees which have or will be incurred in the prosecution of this action and for the underlying due process hearing pursuant to 20 U.S.C. 1415(i)(2)(A) and 20 USC 1415(i)(3)(B) .

Dated: Brooklyn, New York
       September 12, 2025

*Erika L. Hartley, Esq.*
Erika L. Hartley, Esq. (Electronically signed)
LAW OFFICE OF ERIKA L. HARTLEY
Attorney for Plaintiffs
S.G. as g/l/g of J.B..
238 Covert Street, Suite 2
Brooklyn, New York  11207
(9290 503-6495

9

To:    MURIEL GOODE-TRUFANT, Corporation Counsel
       Office of the Corporation Counsel
       Attorneys for Defendants
       THE CITY OF NEW YORK & NEW YORK
       CITY DEPARTMENT OF EDUCATION
       100 Church Street
       New York, New York  10007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------------------------------X

S.G. as mother and natural guardian of J.B. and S.G. Individually,

Plaintiff,

-against-

The City of New York and New York City Department of Education,

Defendants.

------------------------------------------------------------------------------------------------------------X

# COMPLAINT

------------------------------------------------------------------------------------------------------------X

**LAW OFFICE OF ERIKA L. HARTLEY**
Attorneys for Plaintiffs
S.G. as g/l/g J.B. and & S.G. Individually
238 Covert Street, Suite 2
Brooklyn, New York 11207
Office (929) 503-6495, Fax (718) 260-6845
erika.hartley@.hartleylawgrp.net